## BARTOLOMEY, DEMANDANTE Y APELANTE, *v.* CRÉDITO Y AHORRO PONCEÑO, DEMANDADA Y APELADA.

No. 2979.—*Visto:* Diciembre 7, 1923. *Resuelto:* Abril 14, 1924.

PRÉSTAMO CON HIPOTECA, A PLAZOS—EJECUCIÓN DE PLAZOS VENCIDOS.—En un contrato de préstamo hipotecario en el cual se convino el pago en plazos de capital e intereses acumulados, se estipuló lo siguiente: "..... Quinta.— En caso de demora en cualesquiera de los plazos o en todos si llegare su vencimiento y no lo satisficieren, devengarán intereses a razón del ocho por ciento anual." Interpretando dicha cláusula el Tribunal Supremo *resolvió:* que la misma significa que vencido uno o más plazos se cobrarán intereses de mora al ocho por ciento anual, consistiendo la razón o motivo de esta estipulación en el hecho de que ya se habían comprendido en cada plazo los intereses corrientes de la hipoteca y así los intereses capitalizados devengarían a su vez intereses en caso de mora o prórroga de los plazos vencidos y no pagados, por lo que el acreedor no quedaba obligado a esperar el último plazo para poder cobrar uno o más plazos anteriores vencidos y no pagados.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), desestimando la demanda con costas. *Confirmada.*

*Sr. R. Pérez Marchand,* abogado del apelante; *Sres. Parra Capó & Torres Córdova,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Los demandantes tomaron a préstamo de la "Sociedad Anónima Crédito y Ahorro Ponceño" la suma de $7,000, que con intereses convenidos a razón del 8% anual, y que se acumularon al capital, deberían devolver en siete plazos anuales, los que empezaban en septiembre de 1918 y terminaban en igual mes de 1924.

En garantía del préstamo los demandantes constituyeron hipoteca a favor del acreedor sobre cierta finca rústica y habiéndose extinguido la sociedad anónima acreedora por la expiración de su término, pasó la hipoteca a la corporación constituída con igual nombre "Crédito y Ahorro Ponceño," por haberse hecho cargo de los negocios de la vieja institución bancaria.

Vencidos los tres primeros plazos de la hipoteca y no satisfechos, la corporación demandada procedió a su cobro por el procedimiento especial hipotecario y subastada la

finca fué adjudicada a la demandada por el importe de los plazos vencidos y sus intereses. ¡

A consecuencia de este procedimiento sumario, los demandantes establecieron demanda ordinaria solicitando la nulidad de dicho procedimiento y además cierta indemnización por daños y perjuicios sufridos.

Se hace importante advertir que en el contrato se fijó expresamente un término de vencimiento para cada plazo y claramente se convino que los pagos de los mismos se harían sin pretexto ni dilación alguna. Así resulta de la primera cláusula de la escritura otorgada, que esencialmente dice:

"El Crédito y Ahorro Ponceño, en su oficina de Yauco;   *   *   * dará y entregará a don Alejandro Bartolomey y Da. Luisa Fraticelli,   *   *   *   a título de préstamo devolutivo: La suma de siete mil dólares, moneda corriente de los Estados Unidos, que satisfarán en siete plazos anuales con intereses a razón del ocho por ciento anual; préstamo que con sus intereses a razón del 8% anual asciende a la suma de nueve mil quinientos cuatro dollars, obligados a satisfacer los esposos deudores al Crédito y Ahorro Ponceño, en su oficina de Yauco, sin pretextos ni dilaciones: en esta forma: Un mil ciento sesenta dollars el día 25 de septiembre del año 1918; un mil trescientos doce dollars en el mismo día y mes del mil novecientos diez y nueve; un mil trescientos cuarenta y ocho dollars en el mismo día y mes del 1920; un mil trescientos setenta y seis dollars en el mismo día y mes del 1921; un mil trescientos noventa y seis en el mismo día y mes del 1922; un mil quinientos ocho dollars en el mismo día y mes del 1923, y un mil cuatrocientos cuatro dollars en el mismo día 25 de septiembre del año 1924."

No se pacta en esta cláusula ni en ninguna de la escritura que dejado de pagar uno o más plazos, se considerarán vencidos todos, pero sí resulta expresamente estipulado que la devolución del capital, junto con los intereses acumulados, ha de efectuarse por plazos anuales.

"A veces la devolución del capital del préstamo ha de hacerse por plazos, entendiéndose que si se retrasa el pago de uno, se consideren vencidos todos; otras no se estipula esta condición, pero

puede el acreedor solicitar que se enajene la finca para que se le satisfaga la parte de capital correspondiente al plazo vencido, o para que se le satisfagan los intereses caídos. La tramitación es la misma, y la finca pasa al comprador, con la hipoteca correspondiente a la parte del crédito que no estuviere satisfecha, la cual, con los intereses, se deducirá del precio que haya de satisfacer el comprador, que queda obligado substituyendo al deudor." Galindo, Legislación Hipotecaria, tomo 3, pág. 304.

Este comentario responde a los artículos 130 y 131 de la Ley Hipotecaria, que dicen:

"Art. 130.—Lo dispuesto en los dos artículos precedentes será igualmente aplicable al caso en que deje de pagarse una parte del capital del crédito o de los intereses, cuyo pago deba hacerse en plazos diferentes, si venciere alguno de ellos sin cumplir el deudor su obligación y siempre que tal estipulación conste inscrita en el registro.

"Art. 131.—Si para el pago de alguno de los plazos del capital o de los intereses fuere necesario enajenar la finca hipotecada, y aun quedaren por vencer otros plazos de la obligación, se verificará la venta y se transferirá la finca al comprador con la hipoteca correspondiente a la parte del crédito que no estuviere satisfecha, la cual, con los intereses, se deducirá del precio.

"Si el comprador no quisiere la finca con esta carga, se depositará su importe con los intereses que le correspondan, para que sea pagado al acreedor al vencimiento de los plazos pendientes."

Pero además se convino por la cláusula quinta del documento lo siguiente:

"Quinta: En caso de demora en cualesquiera de los plazos o en todos si llegare su vencimiento y no lo satisficieren, devengarán intereses a razón del ocho por ciento anual."

En esta cláusula los demandantes fundan su demanda y es la que ha dado origen a este pleito.

Los apelantes alegan, apoyándose en dicha cláusula, que la apelada no podía cobrar ni ejecutar ningún plazo vencido, puesto que era necesario esperar el vencimiento del último plazo para considerar vencida y exigible la obligación. Toda la argumentación del apelante en su extenso

alegato gira sosteniendo insistentemente tal interpretación. Pero esta sería la manera de confundir cosas diferentes, pues ni la letra ni el espíritu de aquella cláusula puede entenderse en el sentido de que lo hacen los apelantes. Los términos de la cláusula son tan claros que no dejan duda sobre la intención de las partes, por lo que se debe estar al sentido literal de la misma, pues ella significa simplemente que vencido uno o más plazos se cobrarán intereses de mora al 8% anual, consistiendo la razón o motivo de esta estipulación en el hecho de que ya se habían comprendido en cada plazo los intereses corrientes de la hipoteca y así los intereses capitalizados devengarían a su vez intereses en caso de mora o prórroga de los plazos vencidos y no pagados. Y esta fue la verdadera intención de las partes contratantes, sin que pueda sostenerse en modo alguno que dicha intención estaba en contradicción con la letra o términos de la cláusula en cuestión, no apareciendo, por tanto, bajo ninguna forma de interpretación, la obligación del acreedor de quedar obligado a esperar el último plazo para cobrar uno o más plazos anteriores vencidos y no pagados por razón de la repetida cláusula quinta.

Los apelantes, sin embargo, intentaron demostrar con prueba extrínseca a la escritura de préstamo que la cláusula que discutimos tuvo por objeto cumplir el convenio que envolvía el propósito de los demandantes, de no poder ser ejecutados o perseguidos por ningún cobro parcial. Es verdad que la prueba tiende a demostrar que primeramente se redactó un proyecto del documento pactándose que vencidos tres plazos y no pagados se entendería vencida toda la deuda y que esto fue rechazado por los apelantes. Pero el notario que redactó la escritura, si bien admite que no se convino esto último en cuanto al vencimiento de tres plazos para entenderse vencida la hipoteca en su totalidad, también afirma que en su oficina, antes o después, no se habló de darle a la cláusula quinta el alcance o interpretación

que sostienen los apelantes. Por el contrario, aunque la declaración del demandante Alejandro Bartolomey ha tratado de establecer una estipulación extraña al contrato, su testimonio carece de todo peso o fuerza legal con vista de la carta que escribió a la demandada en contestación al cobro de los plazos vencidos y no pagados, y en la que en nada hace mención de la cláusula en que funda su demanda, sino que espontáneamente afirma como excusa para el pago la mala cosecha de la finca hipotecada, no alcanzando la venta del fruto a cubrir la refacción. Dicha carta dice:

"Yauco, Sept. 19, 1919.—Sr. J. E. Totti.—Gerente del Crédito y Ahorro Ponceño, Yauco.—Muy Sr. mío: En respuesta a su carta de ayer tengo el pesar de informarle que no estoy en condición de satisfacer, como así es mi ferviente deseo, mi compromiso vencido con ese Banco, que usted señala en su citada, por la muy poderosa razón que paso a exponerle.

"Es de todos conocida, aunque nadie se explica la causa, que la última cosecha de café ha sido más escasa que ninguna de las anteriores, y aunque vendida a precios muy altos no ha alcanzado a cubrir la refacción. Pero me estoy ocupando de la venta de la finca con el propósito exclusivo de solventar en todas sus partes mi deuda hipotecaria contraída con ese Banco.

"Como quiera que se vislumbra un brillante porvenir para la industria cafetera, yo no dudo ver coronados mis deseos en un futuro próximo para satisfacción de todos. Muy atentamente."

La Ley de Evidencia, así como el Código Civil, tratan la materia de la interpretación de contratos; pero no obstante los esfuerzos de los apelantes al comentar las reglas de interpretación que contienen, ninguna tiene el alcance y aplicación que se pretende, pues la cláusula quinta es clara y precisa en sus términos, y la tendencia de los apelantes es darle una significación equivocada y contraria a la verdad y recto sentido del contrato.

*La sentencia debe confirmarse.*